# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NANCY IOLA BENNETT,

      Plaintiff,

v.                                         No. 2:16-cv-00042 SCY

NANCY A. BERRYHILL,[1]
*Acting Commissioner of the*
*Social Security Administration*,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Nancy Bennett's Motion to Reverse and

Remand the Social Security Administration (SSA) Commissioner's decision to deny Plaintiff

disability insurance benefits. Doc. 17. Plaintiff alleges that various mental health disorders and a

bad back prevent her from being able to work. After examining Plaintiff, Lloyd Huang, M.D.,

determined that Plaintiff's back condition allowed her to "stand and walk for 4 to 5 hours of an

8-hour day with breaks . . . ." AR 331-32. The ALJ gave Dr. Huang's opinion great weight but

then inexplicably determined that Plaintiff had the residual functional capacity ("RFC") to "stand

and/or walk for six hours out of an eight-hour workday with regular breaks." AR 24-26. Because

the ALJ did not explain how she determined that Plaintiff could stand and/or walk longer than

Dr. Huang determined she could, this case must be remanded so that the ALJ can provide such

an explanation. Thus, the Court will **grant** Plaintiff's motion and remand this action to the

Commissioner for further proceedings consistent with this Opinion.

---

[1] Nancy A. Berryhill, who is now the Acting Commissioner of the Social Security Administration, is substituted for
Acting Commissioner Carolyn W. Colvin under Rule 25(d) of the Federal Rules of Civil Procedure.

# I.    BACKGROUND[2]

For years, Plaintiff has complained of chronic back pain.  In connection with a prior filing, Dr. Huang performed a consultative examination on Plaintiff in 2008. AR 25.  He "did not find any radicular findings and noted that [Plaintiff] had good range of motion." AR 25.  Further, as Defendant acknowledges, Dr. Huang found that Plaintiff could "stand and walk for four to five hours in an eight hour day."  Doc. 21 at 4-5; *see also* AR 331.  The ALJ gave great weight to Dr. Huang's testimony. AR 26.

Plaintiff thereafter saw other doctors and received several multiple magnetic resonance imaging ("MRI") exams.  The first, taken on August 15, 2012, showed "degenerative changes at multiple levels without canal stenosis or foraminal stenosis." AR 27, 474-75.  This was followed by "a rather unremarkable examination and review of imaging" by Christopher Calder, M.D. on May 9, 2013. AR 27.  As stated by the ALJ, this examination revealed "evidence of prior fusion and diffuse degenerative changes, but no abnormalities to explain [Plaintiff's] pain." AR 27.  Further, the ALJ noted that Dr. Calder found "no neurological explanation for Plaintiff's pain." AR 27.

Plaintiff's second MRI was taken on October 12, 2013 and, in the words of the ALJ, "resulted in findings of only mild multilevel degenerative disc disease without spinal can [sic] stenosis or neural foraminal narrowing throughout the lumbar spine." AR 27. Further, she noted, a third MRI taken in 2014 showed "prior cervical discectomy and fusion at C5-C6 level and mild left neural foraminal narrowing noted at C4-C5 level, but otherwise, the study was normal." AR 27.  However, except for Dr. Huang's assessment, neither the parties' briefs nor the ALJ's

---

[2] The Court only provides background that relates to the basis for its decision – the ALJ's failure to explain her determination of Plaintiff's ability to stand and/or walk during a work day.

decision cite to any medical opinion that explicitly addresses Plaintiff's ability to stand and/or walk. The ALJ specifically noted there were "no other medical opinions" in the record to contradict Dr. Huang's opinion. AR 25.

The ALJ found Plaintiff to have the following severe impairments: depressive disorder, anxiety disorder, status post cervical fusion, obesity, and lumbago. AR 22. Regarding Plaintiff's physical impairments, in assessing Plaintiff's RFC the ALJ stated in relevant part:

> [a]fter careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently. The claimant can stand and/or walk for six hours out of an eight-hour workday with regular breaks.

AR 24. The ALJ concluded that Plaintiff is unable to perform any past relevant work but that there are jobs that exist in significant numbers in the national economy that she can perform. AR 31.

## II.    APPLICABLE LAW

### A. *Disability Determination Process*

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

B.  *Standard of Review*

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1271 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial

evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

## III.  ANALYSIS

Plaintiff argues, *inter alia,* that the ALJ committed reversible error in failing to explain why she determined Plaintiff retained the residual functional capacity to stand and/or walk longer than the time period assessed by Dr. Huang.[3] Doc. 17 at 1.  Generally, an RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8P, 1996 WL 374184, at *1 (July 2,

---

[3] Because the Court agrees with Plaintiff's argument that the ALJ failed to explain her finding that Plaintiff could stand and/or walk for six hours of an eight-hour work day, the Court will grant Plaintiff's motion without addressing her remaining arguments.  On remand, however, the ALJ should consider those arguments.

1996). "[I]n determining RFC, an ALJ must consider the limiting effects of all [the claimant's] impairments, even those that are not severe." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (internal quotation marks and citation omitted).

Although an ALJ need not discuss every piece of evidence regarding a plaintiff's impairments, the ALJ is required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). Specifically, when assessing a plaintiff's RFC, an ALJ must explain what weight is assigned to each opinion and why. SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7. "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)); *see also Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) ("exact correspondence between a medical opinion and the mental RFC is not required").

Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). An ALJ "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). Ultimately, an ALJ is required to weigh medical source opinions and to provide "appropriate explanations for accepting or rejecting such opinions." SSR 96-5p, 1996 WL 374183, at *5; *see*

*also Keyes-Zachary*, 695 F.3d at 1161 (same) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)).

Thus, if reasons existed for the ALJ to determine that Plaintiff could walk or stand for longer than Dr. Huang opined, the ALJ was required to provide those reasons. Defendant argues that "to the extent that the ALJ did not expressly consider Dr. Huang's assessed standing and walking limitation, the ALJ's oversight was harmless." Doc. 21 at 6. More specifically, Defendant argues that state agency physicians John Vorhies, Jr., M.D. and Mark Werner, M.D., reviewed the record and concluded that Plaintiff was capable of performing more than the exertional requirements of light work. Doc. 21 at 5. Defendant reasons that light work includes the ability to stand and/or walk for six hours in an eight-hour workday and so these doctors necessarily determined that Plaintiff could walk or stand for a longer period than Dr. Huang determined she could. Doc. 21 at 6. Because the ALJ did not have to give Dr. Huang's opinion controlling weight, Defendant continues, the opinions of doctors Vorhies and Werner are sufficient to support the RFC. Doc. 21 at 5-6.

Even assuming the opinions of these non-examining physicians that Plaintiff could perform work at medium exertional levels could overcome Dr. Huang's explicit opinion regarding Plaintiff's ability to stand or walk, this case must still be remanded because *the ALJ* never provided this explanation. Indeed, there is not even an acknowledgment in the ALJ's decision, much less an explanation, regarding the fact that the RFC contains less restrictions regarding standing and/or walking than provided by the only doctor to have directly addressed the issue and to whose opinion the ALJ gave great weight. The absence of such an explanation requires remand. *See Haga*, 482 F.3d at 1207-08 (stating that the court "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's

7

decision itself"); *see also id.* at 1208 (10th Cir. 2007) (reversing district court because "the ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others. An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *Frantz v. Astrue*, 509 F.3d 1299, 1302-03 (10th Cir. 2007) (reversing district court and ordering remand because "the ALJ erred in accepting some of the moderate limitations in the Mental RFC form completed by Dr. Garnand, a nonexamining physician, but rejecting others without discussion."); SSR 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse and Remand (Doc. 17) is **GRANTED**. The Commissioner's denial of Plaintiff's claim is reversed and the case is remanded for further proceedings consistent with this Opinion.

UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**